**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0239n.06
Filed: April 1, 2005

No. 03-1624

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| RUSSELL ST. CLAIR, | ) DISTRICT OF MICHIGAN. |
| | ) |
| Defendant-Appellant. | ) |

**BEFORE: BOGGS, Chief Judge, COOK, and BRIGHT,*** Circuit Judges.

**PER CURIAM.** Russell St. Clair, appellant, pled guilty to conspiracy to distribute and possess with intent to distribute marijuana. The United States District Judge[1] sentenced St. Clair to thirty-two months of imprisonment and three years of supervised release. St. Clair appeals his sentence and argues the district court committed various sentencing violations. We reject St. Clair's contentions and affirm.

St. Clair pled guilty, pursuant to a written plea agreement, to an amended count of conspiracy to distribute and possess with the intent to distribute less than fifty kilograms of marijuana. The district court accepted St. Clair's guilty plea and sentenced him to thirty-two months of imprisonment and three years of supervised release. The district court denied St. Clair's motion to

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[1] The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan.

have his sentence run concurrently to an undischarged state sentence for a felony drunk driving conviction. St. Clair filed this appeal challenging his sentence.

St. Clair argues the district court miscalculated his criminal history category by assessing three points for a prior probation revocation and one point for a prior probationary sentence. Defects in the calculation of a defendant's criminal history category that were not called to the attention of the district court are reviewed for plain error. United States v. Gibbs, 182 F.3d 408, 446 (6th Cir. 1999). St. Clair must show: (1) error; (2) that was plain; (3) that substantially affected his rights; and (4) that substantially affected the fairness and integrity of the proceedings. United States v. Leachman, 309 F.3d 377, 386 (6th Cir. 2002), cert. denied, 538 U.S. 969 (2003). The guidelines note that three points should be added "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). When a defendant's probation is revoked and the defendant is returned to prison, the sentencing court should "add the original term of imprisonment to any term of imprisonment imposed upon revocation." U.S.S.G. § 4A1.2(k)(1).

The presentence investigation report (PSR) shows St. Clair was sentenced to one year in jail, three years of probation, and $600 in fines for a 1987 state conviction for felonious assault. Over a year after the state sentencing, the state court found St. Clair had violated his probation and sentenced him to an additional year in jail. One year in jail on the original sentence, plus one year in jail for St. Clair's probation violation totals twenty-four months – well over the thirteen months needed to justify an assessment of three criminal history points. The PSR cited both section 4A1.1(a) and section 4A1.2(k) in assessing the three points for the 1987 state conviction and probation revocation.

The district court did not commit plain error in assessing three points for St. Clair's 1987 state conviction. Therefore, St. Clair's criminal history points total at least thirteen, resulting in a criminal history category of VI, and the same sentencing range found by the district court, regardless of whether the district court correctly assessed St. Clair one point for a prior probationary sentence. We affirm the district court's calculation of St. Clair's criminal history category and resulting sentence.[2]

Accordingly, we affirm the sentence.

---

[2] St. Clair filed a motion to withdraw issues II through IV of his brief, which alleged various sentencing errors. We granted St. Clair's motion and do not address those issues.